IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DALE STEVENS,<br><br>       Plaintiff,<br><br>v.<br><br>VERNAL CITY, et al.,<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br><br>Case No. 2:14-CV-801 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Motions to Dismiss filed by Defendants Vernal City, Judge Ray Richards, Michael D. Harrington, Vance Norton, Sonja Norton, Ted Mumford, Keith Campbell, and N.J. Taylor ("Vernal City Defendants") and Jennifer Escalera, Nannette Rolfe, and Bart Mortensen ("State Defendants"). Defendants seek dismissal of Plaintiff's Complaint. For the reasons discussed below, the Court will grant the Motions.

I.  BACKGROUND

Plaintiff Dale Stevens alleges violations of his constitutional rights and state law claims arising out of a traffic stop and citation for driving on a denied license. On April 1, 2014, police officer N.J. Taylor stopped Plaintiff and issued Plaintiff a ticket for driving on a denied license. After the April 1, 2014 stop, Plaintiff sought to dismiss the citation before Judge Ray Richards.

Plaintiff brings suit against Officer N.J. Taylor, Vernal City, and Judge Ray Richards for "excessive prejudice Malicious [sic] prosecution, and malicious abuse of process of the Plaintiff."[1] Additionally, Plaintiff brings suit against Vernal City Defendants and the State

---

[1] Docket No. 2 Ex. A, ¶ 11.

Defendants as "[e]mployees officers, officials, and agents of Vernal City" under a number of theories, including "malicious abuse of process, negligence, and gross negligence under the [l]aws of the State of Utah, as well as under the Federal Constitutional Amendments and Federal Civil Rights statutes,"[2] presumably for their involvement in processing Plaintiff's traffic citation. Plaintiff alleges that Defendants violated his "First, Fourth, Fifth, and Fourteenth" Amendment rights.[3] Plaintiff also alleges Defendants violated 42 U.S.C. §§ 1981 and 1983.

## II.  MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[4] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[5] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[7]

---

[2] Docket No. 2 Ex. A, ¶ 14.

[3] *Id.* ¶ 10.

[4] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[9]

In considering a motion to dismiss, a district court not only considers the complaint, "but also the attached exhibits,"[10] and "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[11] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[12]

### III.  DISCUSSION

Defendants seek dismissal of the claims against them on a number of different grounds. For the reasons discussed below, the Court agrees that the claims against Defendants must be dismissed.

---

[8] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[9] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[10] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[11] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

[12] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

A.     JUDICIAL IMMUNITY

Plaintiff alleges Judge Ray Richards's failure to dismiss the ticket was done in violation of the "First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1981 and 1983."[13]  Furthermore, Plaintiff alleges Judge Richards acted with "excessive prejudice Malicious [sic] prosecution, and malicious abuse of process. . . ."[14] Defendants argue that claims against Judge Ray Richards are overcome by absolute judicial immunity.

The Supreme Court has acknowledged that, generally, a judge is immune from a suit for money damages.[15]  Judicial immunity is overcome in only two circumstances.  First, a judge is not protected by immunity for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity."[16]  Second, judicial immunity will not attach when a judge acts in the complete absence of all jurisdiction, even if the action is judicial in nature.[17]

The judicial action for which Plaintiff seeks relief is Judge Richards's failure to dismiss Plaintiff's traffic ticket.[18]  Dismissal of traffic citations falls within the scope of judicial action and Judge Richards acted within his judicial capacity when he exercised his discretion.[19] Though Plaintiff alleges that Judge Richards "did not have jurisdiction," Plaintiff's Complaint

---

[13] Docket No. 2 Ex. A, ¶ 10.

[14] *Id.* ¶ 11.

[15] *Mireless v. Waco*, 502 U.S. 9, 9 (1991).

[16] *Id.* at 11.

[17] *Id.* at 12.

[18] Docket No. 2 Ex. A, at p. 5.

[19] *See generally* UTAH CODE ANN. § 1-4-703 (West 1997).

4

fails to provide any support that Judge Richards acted beyond his jurisdiction.[20] Plaintiff further alleges Judge Richards acted with "excessive prejudice Malicious [sic] prosecution, and malicious abuse of process. . . ."[21] However, no evidence is proffered to support that contention. Regardless, judges are immune from claims so long as they originate from judicial actions, even if the plaintiff alleges the decision is "erroneous, malicious, or in excess of their judicial authority."[22] Thus, even if Judge Richards acted maliciously, he is still shielded by judicial immunity. Accordingly, the Court finds that Judge Richards is entitled to absolute judicial immunity and all claims against him are dismissed with prejudice.

B.     CLAIMS AGAINST N.J. TAYLOR

Plaintiff alleges that Officer N.J. Taylor's actions violated his "First, Fourth, Fifth, and Fourteenth" Amendment rights when Officer Taylor "stopped [Plaintiff] and gave [Plaintiff] a ticket for driving on a denied license," without probable cause.[23] However, beside his allegations that Officer Taylor stopped and issued a citation, Plaintiff pleads no facts. Though it is possible that Officer Taylor wrongfully stopped and issued a citation to Plaintiff, Plaintiff provides no supporting facts to push his claims against Officer Taylor from possible to plausible. Plaintiff provides only conclusory allegations and legal conclusions that the stop was conducted without sufficient cause. This is insufficient. Because Plaintiff makes allegations only in the form of legal conclusions without providing facts to support his claim, the Court will dismiss Plaintiff's claims against Officer N.J. Taylor.

---

[20] Docket No. 2 Ex. A.

[21] *Id.* ¶ 11.

[22] *Christensen v. Ward*, 916 F.2d 1462, 1473 (10th Cir. 1990).

[23] Docket No. 2 Ex. A, ¶ 9.

C.    CLAIMS AGAINST THE REMAINING DEFENDANTS

Defendants move to dismiss Plaintiff's claims against the remaining Defendants—Michael D. Harrington, Mr. & Mrs. Vance Norton, Vernal City Council, Keith Campbell Nannette Rolfe, Bart Mortensen, and Jennifer Escalera—for failure to state a claim upon which relief can be granted. Furthermore, Defendants seek dismissal of Plaintiff's claims arising from the alleged violation of various federal criminal statutes.

In the present matter, Plaintiff's claims against Vernal City Defendants and State Defendants consist of naming them in the caption without any factual allegations to state a "plausible" claim. For instance, Plaintiff only mentioned Defendant Rolfe to identify her as the "head of deportment [sic] of Public safety for the State of Utah."[24] Plaintiff lists a number of other Defendants in the caption without pleading any facts articulating how they violated his rights under the Constitution, state, or federal law. Plaintiff makes no effort to ascribe any conduct to them which could be considered a plausible claim. The Court finds no facts that permit it "to infer more than the mere possibility of misconduct," and therefore dismisses all claims against Vernal City Defendants and State Defendants.[25]

Furthermore, the alleged violation of federal criminal statutes cannot form the basis of civil liability.[26] Plaintiff's claims under 18 U.S.C. §§ 241-42, 1001, 2383, and 2384 are dismissed because Plaintiff "cannot recover civil damages for an alleged violation of a criminal statute."[27]

---

[24] Docket No. 2 Ex. A, at p. 6.

[25] *Iqbal*, 556 U.S. at 679.

[26] *See Diamond v. Charles*, 476 U.S. 54, 64–65 (1986).

[27] *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984).

D.	STATE LAW CLAIMS

In addition to his other claims, Plaintiff asserts certain state law claims against Defendants, including "intentional infliction of emotional distress, malicious prosecution, malicious abuse of process, negligence, and gross negligence."[28] Defendants argue that Plaintiff's state law claims should be dismissed under the Governmental Immunity Act of Utah.

A plaintiff may not normally bring suit against a government employee for injuries "that result[ ] from the exercise of a governmental function."[29] A "governmental function" is defined as "each activity, undertaking, or operation of a governmental entity."[30] The Governmental Immunity Act of Utah (GIAU) provides a number of limited exceptions to this general prohibition.[31] Pursuant to GIAU, governmental immunity is waived for "any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment."[32] However, governmental immunity is not waived under subsection (4) when "the injury arises out of, in connection with, or results from . . . assault, battery, false imprisonment, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, or violation of civil rights."[33]

Plaintiff's claims arise out of what he considered a wrongful traffic stop and subsequent prosecution. Because issuing and processing traffic citations qualify as "activit[ies],

---

[28] Docket No. 2 Ex. A, ¶ 14.

[29] Utah Code Ann. § 63G-7-201(1).

[30] *Id.* § 63G-7-102(4)(a).

[31] *Id.* § 63G-7-202(3)(c)(i)-(v).

[32] *Id.* § 63G-7-301(4).

[33] *Id.* § 63G-7-301(5)(b).

7

undertaking[s], or operation[s] of a governmental entity," they are governmental functions that are presumptively attached with governmental immunity.[34] Vernal City Defendants are cloaked with governmental immunity unless "some other part of the Act *specifically* waives the immunity."[35]

Plaintiff alleges that Defendants were negligent and grossly negligent.[36] Though GIAU withdraws governmental immunity from "negligent act[s] or omission[s]" of government employees, Plaintiff provides insufficient allegations that the claims against Defendants stemmed from anything other than the type of conduct immunized by GAIU.[37] Furthermore, Subsection (4) rejects waiver of governmental immunity when the injury arises out of "malicious prosecution, . . . abuse of process, . . . infliction of mental anguish, or violation of civil rights."[38] Defendants are therefore shielded by GAIU from Plaintiff's claims arising from such injuries. Therefore, the Court finds that Defendants are shielded from state law claims by the Governmental Immunity Act of Utah.

---

[34] *Id.* § 63G-7-102(4)(a).

[35] *Ledfors v. Emery County School Dist.*, 849 P.2d 1162, 1165 (Utah 1993).

[36] Docket No. 2 Ex. A, at p. 7.

[37] Utah Code Ann. § 63G-7-301(4).

[38] *Id*. § 63G-7-301(5)(b).

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 11 and 14) are GRANTED.  It is further

ORDERED that Plaintiff's Motion to Amend (Docket No. 22) is DENIED.  Plaintiff requested adding as Defendants:  Dawn Searle, Daren B. Goff, Linda St. John, Dustin B. Pead, Cecilia Lesmes, and Heather S. White, to this lawsuit without alleging any facts or causes of action as against these individuals.  It is further

ORDERED that remaining Motions (Docket No. 27, 28, 32, and 39) are subsequently moot and are DENIED.

The Clerk of the Court is directed to close this case forthwith.

DATED this 21th day of April, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge